PAUL L. REIN, Esq. (SBN 43053)
AARON M. CLEFTON, Esq.  (SBN 318680)
REIN & CLEFTON, Attorneys at Law
200 Lakeside Drive, Suite A
Oakland, CA  94612
Telephone:  510/832-5001
Facsimile:   510/832-4787
info@reincleftonlaw.com

Attorneys for Plaintiff
ERICK MIKITEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICK MIKITEN,<br><br>Plaintiff,<br><br>v.<br><br>CENTRAL NETWORK RETAIL GROUP, LLC dba OUTDOOR SUPPLY HARDWARE; BERKELEY BUSINESS CENTER II, L.P.,<br><br>Defendants. | CASE NO.<br><u>Civil Rights</u><br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, PER FEDERAL AND CALIFORNIA STATUTES (including CIVIL CODE §§ 51, 52, 54, 54.1, 54.3 and 55; and HEALTH & SAFETY CODE §§ 19953** *et seq.***); INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990 (including 42 USC §§ 12181** *et seq.***)**<br><br><u>DEMAND FOR JURY TRIAL</u> |

Plaintiff ERICK MIKITEN complains of Defendants CENTRAL NETWORK RETAIL GROUP, LLC dba OUTDOOR SUPPLY HARDWARE; BERKELEY BUSINESS CENTER II, L.P., and each of them, and alleges as follows:

1.     **INTRODUCTION:**  This case involves barriers to disabled access that prevented and continue to prevent disabled Plaintiff ERICK MIKITEN from fully accessing the Outdoor Supply Hardware located at 1025 Ashby Avenue, Berkeley, California.  The designated accessible paths of travel are repeatedly blocked with pallets of inventory making it difficult for the disabled Plaintiff to safely park in the store's parking lot and unload from his vehicle and enter the store.  In particular, Plaintiff has had difficulty with Defendants blocking the path of

1  travel between the accessible parking space and the store entrance and the handrails of the
2  accessible ramp leading to the store's entrance.  The handrails themselves are also damaged
3  making them difficult for Plaintiff to use.  Inside the store there is merchandize blocking the
4  approach to the registers.  Plaintiff has repeatedly complained of these conditions to management,
5  but nothing has ever been done.  This lawsuit follows his pre-litigation attempts to settle the case.

6        2.      Defendants denied disabled Plaintiff ERICK MIKITEN accessible public facilities,
7  including a compliant accessible path of travel at Outdoor Supply Hardware.  Plaintiff ERICK
8  MIKITEN is a "person with a disability" or "physically handicapped person" who has uses a
9  wheelchair for mobility.  He is unable to use portions of public facilities which are not accessible
10 to mobility disabled persons.  On or about September 2020, March 2021, June 2021, and
11 September 24, 2021. Plaintiff was denied his rights to full and equal access at Orchard Supply
12 Hardware.  He was denied his civil rights under both California law and federal law, and
13 continues to have his rights denied, because these facilities were not, and are not now, properly
14 accessible to physically disabled persons, including those who use assistive devices for mobility.

15       3.      Plaintiff seeks injunctive relief to require Defendants to make these facilities
16 accessible to disabled persons and to ensure that any disabled person who attempts to patronize
17 the subject premises will be provided accessible facilities.  Plaintiff also seeks recovery of
18 damages for his discriminatory experiences and denial of access and of civil rights, which denial
19 is continuing as a result of Defendants' failure to provide disabled accessible facilities.  Plaintiff
20 also seeks recovery of reasonable statutory attorney fees, litigation expenses and costs, under
21 federal and state law.

22       4.      **JURISDICTION:**  This Court has jurisdiction of this action pursuant to 28 USC
23 section 1331 for violations of the Americans with Disabilities Act of 1990, 42 USC
24 sections 12101 *et seq*.  Pursuant to pendant jurisdiction, attendant and related causes of action
25 arising from the same facts are also brought under California law, including but not limited to
26 violations of Health & Safety Code sections 19953-19959; California Civil Code sections 51, 52,
27 54, 54.1, 54.3 and 55; and Title 24 California Code of Regulations, the California State Building
28 Code.

5. **VENUE:** Venue is proper in this court pursuant to 28 USC section 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

6. **INTRADISTRICT:** This case should be assigned to the Oakland intradistrict as the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

7. **PARTIES:** Plaintiff is a qualified physically disabled person. He has been diagnosed with osteogenesis imprefecta, also known as brittle bones disease. His disability affects his ability to ambulate and creates a very serious risk of injury should he fall. Although Plaintiff is able to walk a few steps, he uses a manual wheelchair for transportation in public places. He is unable to use portions of public facilities which are not accessible to mobility disabled persons, including those who require the use of a wheelchair. Plaintiff is entitled by permit from the State of California to park any vehicle which he drives or is transported in, in a designated and properly configured disabled accessible parking space.

8. Defendants CENTRAL NETWORK RETAIL GROUP, LLC dba OUTDOOR SUPPLY HARDWARE; BERKELEY BUSINESS CENTER II, L.P, are and were the owners, operators, lessors and/or lessees of the subject business, property and buildings at all times relevant to this Complaint. Plaintiff is informed and believes Defendants performed all acts and omissions stated herein which proximately caused the damages complained. Plaintiff is informed and believes that each of the Defendants herein is the agent, employee, or representative of each of the other Defendant, and each performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and is responsible in some manner for the acts and omissions of the other Defendants in proximately causing the damages complained of herein.

9. Outdoor Hardware Supply is a place of "public accommodation" and "business establishment" subject to the requirements of multiple categories of 42 USC section 12181(7)(E) of the Americans with Disabilities Act of 1990, including a sales establishment; of California Health & Safety Code sections 19953 *et seq.*; of California Civil Code sections 51 *et seq.*; and of

California Civil Code sections 54 *et seq*. On information and belief, Outdoor Hardware Supply and its facilities were built after July 1, 1970, and since then have undergone construction and/or "alterations, structural repairs, or additions," subjecting each such facility to disabled access requirements per Health & Safety Code sections 19953-19959 *et seq*., and, as to construction and/or alterations since January 26, 1993, to the disabled access requirements of section 12183 of the Americans with Disabilities Act of 1990. Such facilities constructed or altered since 1982 are also subject to "Title 24," the California State Architect's Regulations, also known as the California Building Code. Further, irrespective of the alteration history, such premises are subject to the "readily achievable" barrier removal requirements of Title III of the Americans with Disabilities Act of 1990, as defined by the ADA. 42 USC § 12181(9).

**FIRST CAUSE OF ACTION:
DAMAGES AND INJUNCTIVE RELIEF
FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES IN A
PUBLIC ACCOMMODATION
(California Health & Safety Code §§ 19955 *et seq*; Civil Code §§ 54 *et seq*.)**

10. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 9, above, and incorporates them herein by reference as if separately repled hereafter.

11. Plaintiff ERICK MIKITEN and other similarly situated physically disabled persons who are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of California Health & Safety Code sections 19955 -19959. Plaintiff is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code sections 19955 *et seq*. Further, Plaintiff is also protected against policy and architectural barrier discrimination by California Civil Code sections 54 and 54.1, the "Disabled Persons Act." "Individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places." Civil Code § 54(a). Furthermore, "Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations,

advantages, facilities, . . . places of public accommodation, amusement, or resort, and other places to which the general public is invited." Civil Code § 54.1(a). Additionally, any violation of the ADA, including but not limited to any violation of 42 USC sections 12182 and 12183, is also incorporated as a violation of the Disabled Persons Act. Civil Code §§ 54(c), and 54.1(d).

12. Title 24, California Code of Regulations, formerly known as the California Administrative Code and now also known as the California Building Code, was in effect at the time of each alteration which, on information and belief, occurred at such public facility since January 1, 1982, thus requiring access complying with the specifications of Title 24 whenever each such "alteration, structural repair or addition" was carried out. On information and belief, Defendants and/or their predecessors in interest carried out new construction and/or alterations, structural repairs, and/or additions to such buildings and facilities during the period Title 24 has been in effect. Further, Plaintiff alleges, on information and belief, that construction, alterations, structural repairs, and/or additions which triggered access requirements at all relevant portions Outdoor Supply Hardware, also occurred between July 1, 1970, and December 31, 1981, and required access pursuant to the A.S.A. (American Standards Association) Regulations then in effect, pursuant to the incorporated provisions of California Government Code sections 4450 *et seq*. Further, on information and belief, additions to the building after the initial construction also occurred after January 1, 1972, triggering access requirements per Health and Safety Code section 19959. Alterations or additions after January 26, 1993, trigger ADA liability and requirements per 42 USC sections 12182 and 12183 of the ADA.

13. **FACTUAL STATEMENT**: Plaintiff patronizes the Outdoor Supply Hardware located at 1025 Ashby Avenue in Berkeley, California, frequently to purchase supplies. In the past two years, he has been to the hardware store at least four times in September 2020, March 2021, June 2021, and on September 24, 2021. On each occasion, Plaintiff has encountered the same barriers to access, and on each occasion, Plaintiff has discussed those barriers with, on information and belief, a manager at the Outdoor Supply Hardware. However, despite his numerous complaints, none of the barriers have been removed.

14. The description below is of Plaintiff's most recent visit to the subject store, but his

experience has been almost identical on each visit.

15. On September 24, 2021, Plaintiff drove to Outdoor Supply Hardware to purchase a few items.  He parked his car in a designated accessible parking space in the parking lot serving the hardware store.  Plaintiff exited his vehicle and removed his wheelchair from his car. Plaintiff saw that the sidewalk leading from the designated accessible parking space that he parked in was blocked with inventory, so he had to travel in the vehicular way behind parked cars in order to get to the front entrance of the store.  A true and correct photograph of the path of travel from the accessible parking to the store entrance from September 24, 2021, is below:



16. Plaintiff maneuvered himself from the parking lot to the ramp which leads to the front entrance of the store. He began to wheel himself up the ramp.  Plaintiff uses a manual wheelchair, and when he travels up or down ramps, he uses the handrails to assist in pulling himself up and to control his speed as he goes down. Using the handrails to pull himself along an incline is an easier and safer way for Plaintiff to go up a slope.  He expends less energy that way, and he can more easily control his wheelchair if he starts to slide backwards at any point while

traveling up any grade of slope.  Unfortunately, Plaintiff found that the handrails on both sides of the ramp were blocked with inventory, signs or other paraphernalia making difficult for him to grip the handrail for the entire time that he was wheeling up the slope. True and correct photographs of the handrails of the ramp to the store entrance from September 24, 2021, are below:





17. These items blocking the handrails pose a danger to him because if he loses his grip on the rails he may begin to slide backward or lose control of his motion.  As he was traveling up the right side of the ramp, which had fewer items blocking it than the left side of the ramp, he found that part way up the ramp, the handrail was bent in such a way that made it impossible for him to grasp the handrail. Both the inventory and the crushed handrail made it much more dangerous for Plaintiff travel up the ramp because he had to let go of the handrail and push himself up the ramp.  He feared that he would roll backwards down the ramp and not have the handrail to assist in stopping himself. A true and correct photograph of the bent/crushed handrail with no grip space for Plaintiff to grasp on the ramp to the store entrance from September 24, 2021, is below:

18. Plaintiff made it up the ramp with difficulty, and he entered the store to find the items he needed to purchase. Once he had found all of the items that he needed to purchase, Plaintiff brought them up to the cashier to pay.  However, he found it very difficult to transact his business with the cashier because at every register, Defendants had placed rows of stacked buckets so that store patrons could not get close to the cashier when they were purchasing items.

8
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

It was clear that this measure was intended for marking safe distancing between customers and the cashier during the Covid-19 pandemic, but Defendants failed to consider that it would be almost impossible for a person in a wheelchair to reach up and over the stacked buckets to hand items to the cashier and reach the credit card reader. Instead of relying on markings on the floor, such as tape or signs, the buckets presented physical barriers that were unnecessary and discriminatory to Plaintiff as a disabled person. Although Plaintiff understood the need for Covid precautions, he should not be excluded from transacting business in the same manner as able-bodied customers when alternatives methods were available.  True and correct photographs of the cash register area from September 24, 2021, are below:



19.     Plaintiff paid for his purchases with difficulty, and then, as he had done during each of his visits, he sought out a manager to discuss the access issues that he had experienced during his visit. The manager listened, but as usual did not commit to remedying any of the access barriers.

20.     Plaintiff then made his way down the ramp, again unable to use the handrails to control his dissent.  He then pushed himself in the vehicular way behind parked cars to get to his vehicle.  He was extremely frustrated that his concerns regarding the barriers to access at the

1  Outdoor Supply Hardware, which would require very little work to remediate, were continually
2  ignored by Defendants.

3  21.     The above referenced barriers to access are listed without prejudice to Plaintiff
4  citing additional barriers to access by an amended complaint after inspection by Plaintiff's access
5  consultant. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011); *Doran v. 7-Eleven, Inc.*
6  524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA), Inc.*, 631 F.3d 939 (9th Cir.
7  2011). All of these barriers to access render the premises inaccessible to physically disabled
8  persons who are mobility impaired, such as Plaintiff, and are barriers Plaintiff may encounter
9  when he returns to the premises. All facilities must be brought into compliance with all
10 applicable federal and state code requirements, according to proof.

11 22.     Further, each and every violation of the Americans with Disabilities Act of 1990
12 also constitutes a separate and distinct violation of California Civil Code section 54(c) and
13 54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to
14 California law, including but not limited to Civil Code sections 54.3 and 55.

15 23.     **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and
16 omissions of Defendants as complained of herein which are continuing on a day-to-day basis and
17 which have the effect of wrongfully excluding Plaintiff and other members of the public who are
18 physically disabled from full and equal access to these public facilities. Such acts and omissions
19 are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions
20 continue to treat Plaintiff as an inferior and second-class citizen and serve to discriminate against
21 him on the sole basis that he is a person with disabilities who requires the use of designated
22 accessible parking spaces at places of public accommodation.

23 24.     Plaintiff is deterred from returning to use these facilities as often as he would like,
24 because the lack of access will foreseeably cause him further difficulty, discomfort and
25 embarrassment, and Plaintiff is unable, so long as such acts and omissions of Defendants
26 continue, to achieve equal access to and use of these public facilities. Therefore, Plaintiff cannot
27 return to patronize Outdoor Supply Hardware and its facilities as often as he would like and is
28 deterred from further patronage until these facilities are made properly accessible for disabled

persons, including Plaintiff and other mobility disabled persons.  Plaintiff is an architect, and Outdoor Supply Hardware is the closest store to his home where he can purchase supplies for his business and personal use.  He intends to return and patronize Outdoor Supply Hardware once it is made accessible, including its policies of blocking accessible paths of travel with inventory.

25. The acts of Defendants have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.  Plaintiff seeks injunctive relief as to all inaccessible areas of the premises that he has personally encountered, and, as to all areas identified during this litigation by Plaintiff's access consultant, that he or other physically disabled persons may encounter in the future. *Doran v. 7-Eleven, Inc.,* 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA), Inc.*, 631 F. 3d 939 (9th Cir. 2011); *Oliver v. Ralphs Grocery* Co., 654 F.3d 903 (9th Cir. 2011).   As to the Defendants that currently own, operate, and/or lease (from or to) the subject premises, Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices and barriers that deny full and equal access for disabled persons, and for reasonable statutory attorney fees, litigation expenses and costs.

26. Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by Defendants to grant full and equal access to Plaintiff in the ways complained of and to require Defendants to comply forthwith with the applicable statutory requirements relating to access for disabled persons.  Such injunctive relief is provided by California Health & Safety Code section 19953 and California Civil Code section 55, and other law.  Plaintiff further requests that the Court award damages pursuant to Civil Code section 54.3 and other law and attorney fees, litigation expenses, and costs pursuant to Health & Safety Code section 19953, Civil Code sections 54.3 and 55, Code of Civil Procedure section 1021.5 and other law, all as hereinafter prayed for.

27. **DAMAGES:** As a result of the denial of full and equal access to the described facilities and due to the acts and omissions of Defendants in owning, operating, leasing, constructing, altering, and maintaining the subject facilities, Plaintiff has suffered a violation of his civil rights, including but not limited to rights under Civil Code sections 54 and 54.1, and has

suffered difficulty, discomfort and embarrassment, and physical, mental and emotional personal injuries, all to his damages per Civil Code section 54.3, including general and statutory damages, and treble damages, as hereinafter stated. Defendants' actions and omissions to act constitute discrimination against Plaintiff on the basis that he was and is physically disabled and unable, because of the architectural and other barriers created and/or maintained by the Defendants in violation of the subject laws, to use the public facilities on a full and equal basis as other persons. These violations have deterred Plaintiff from returning to patronize Outdoor Hardware Supply as often as he would like and will continue to cause him damages each day these barriers to access continue to be present.

28. **FEES AND COSTS:** As a result of Defendants' acts, omissions, and conduct, Plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant to the provisions of Civil Code sections 54.3 and 55, and California Health & Safety Code section 19953. Additionally, Plaintiff's lawsuit is intended to require that Defendants make its facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated.

**SECOND CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED**
**BY CIVIL CODE SECTION 51(f)**

29. Plaintiff re-pleads and incorporates by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 28 of this Complaint and incorporates them herein as if separately re-pleaded.

30. At all times relevant to this complaint, California Civil Code section 51 has provided that physically disabled persons are free and equal citizens of the state, regardless of

medical condition or disability:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, *disability, or medical condition* are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Civil Code § 51(b). [Emphasis added.]

31. California Civil Code section 52 provides that the discrimination by Defendants against Plaintiff on the basis of his disability constitutes a violation of the general anti-discrimination provisions of sections 51 and 52.

32. Each of Defendants' discriminatory acts or omissions constitutes a separate and distinct violation of California Civil Code section 52, which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

33. Any violation of the Americans with Disabilities Act of 1990 also constitutes a violation of California Civil Code section 51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law, including Civil Code section 52. Per Civil Code section 51(f), "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

34. The actions and omissions of Defendants as herein alleged constitute a denial of access to and use of the described public facilities by physically disabled persons within the meaning of California Civil Code sections 51 and 52. As a proximate result of Defendants' action and omissions, Defendants have discriminated against Plaintiff in violation of Civil Code sections 51 and 52, and is responsible for statutory, compensatory and treble damages to Plaintiff, according to proof.

35. **FEES AND COSTS:** As a result of Defendants' acts, omissions and conduct, Plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by statute in order to enforce Plaintiff's rights and to enforce provisions of law protecting access for

disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the provisions of California Civil Code sections 51 and 52.  Additionally, Plaintiff's lawsuit is intended to require that Defendants make its facilities and policies accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated.

**THIRD CAUSE OF ACTION:**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
**42 USC §§ 12101 *et seq***

36.     Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 35 of this Complaint and incorporates them herein as if separately re-pleaded.

37.     In 1990 the United States Congress made findings that laws were needed to more fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;" that "historically, society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous..." 42 U.S.C. §12101.

38.     Plaintiff is a qualified individual with a disability as defined in the Rehabilitation Act and in the Americans with Disabilities Act of 1990.

39.     In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"), Congress stated as its purpose:

It is the purpose of this Act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 USC § 12101(b).

40.  As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC § 12181 *et seq.*). The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, which includes but is not limited to any "hardware store, shopping center, or other sales or rental establishment." 42 USC § 12181(7)(E).

41.  The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182. The specific prohibitions against discrimination include, but are not limited to the following:

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no

individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§ 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq*.

42. The removal of each of the physical barriers complained of by Plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of sections 12181 and 12182 of the ADA. As noted hereinabove, removal of each and every one of the architectural and/or policy barriers complained of herein were already required under California law. Further, on information and belief, alterations, structural repairs or additions since January 26, 1993, have also independently triggered requirements for removal of barriers to access for disabled persons per section 12183 of the ADA. In the event that removal of any barrier is found to be "not readily achievable," Defendants still violated the ADA, per section 12182(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages and accommodations through alternative methods that were "readily achievable."

43. The ability to safely use parking facilities and walkways is a fundamental necessity of accessing and using Outdoor Hardware Supply. So too is the ability to enter and exit the facilities, and move around the premises unimpeded by barriers to access. Therefore, the benefits of creating accessible paths of travel does not exceed the costs of readily achievable barrier removal. These costs are fundamental to doing business, like any other essential function of operating a hardware store, such as the costs of as ensuring fire safety. It is thus readily achievable to remove these barriers.

44. On information and belief, as of the dates of Plaintiff's encounters at the premises

and as of the filing of this Complaint, Defendants' actions, policies, and physical premises have denied and continue to deny full and equal access to Plaintiff and to other mobility disabled persons in other respects, which violate Plaintiff's right to full and equal access and which discriminate against Plaintiff on the basis of his disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

45.     Defendants' actions continue to deny Plaintiff's rights to full and equal access by deterring Plaintiff from patronizing Outdoor Hardware Supply as often as he would like and discriminated and continues to discriminate against him on the basis of his disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of Defendants' goods, services, facilities, privileges, advantages and accommodations, in violation of section 12182 of the ADA. 42 U.S.C. § 12182.

46.     Pursuant to the Americans with Disabilities Act, 42 U.S.C. sections 12188 *et seq.*, Plaintiff ERICK MIKITEN is entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of his disabilities in violation of sections 12182 and 12183 of this title. On information and belief, Defendants have continued to violate the law and deny the rights of Plaintiff and other disabled persons to "full and equal" access to this public accommodation since on or before Plaintiff's encounters.  Pursuant to section 12188(a)(2)

> [i]n cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title.  Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this title.

47.     Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990.  Plaintiff ERICK MIKITEN is a qualified disabled person for purposes of section 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds

for believing he will be subjected to such discrimination each time that he may use the property and premises, or attempt to patronize Outdoor Supply Hardware, in light of Defendants' policies and physical premises barriers.

WHEREFORE, Plaintiff requests relief as outlined below.

## **PRAYER**

Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the Defendants as alleged herein, unless Plaintiff is granted the relief he requests. Plaintiff and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiff ERICK MIKITEN prays for judgment and the following specific relief against Defendants:

1. Issue a preliminary and permanent injunction directing Defendants as current owners, operators, lessors, and/or lessees of the subject property and premises to modify the above described property, premises, policies and related facilities to provide full and equal access to all persons, including persons with physical disabilities; and issue a preliminary and permanent injunction pursuant to ADA section 12188(a) and state law directing Defendants to provide facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law, and to maintain such accessible facilities once they are provided; to cease any discriminatory policies, and to train Defendants' employees and agents in how to recognize disabled persons and accommodate their rights and needs;

2. Retain jurisdiction over the Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of physically inaccessible public facilities and policies as complained of herein no longer occur, and cannot recur;

3. Award to Plaintiff all appropriate damages, including but not limited to statutory

damages, general damages, and treble damages in amounts within the jurisdiction of the Court, all according to proof;

  4.  Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

  5.  Award prejudgment interest pursuant to Civil Code section 3291; and

  6.  Grant such other and further relief as this Court may deem just and proper.

Date: March 4, 2022           REIN & CLEFTON

               */s/ Aaron Clefton*
               By AARON CLEFTON, Esq.
               Attorney for Plaintiff
               ERICK MIKITEN

## JURY DEMAND

Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted.

Date: March 4, 2022           REIN & CLEFTON

               */s/ Aaron Clefton*
               By AARON CLEFTON, Esq.
               Attorney for Plaintiff
               ERICK MIKITEN